UNITED STATES of America, Appellee,

v.

Dominic SERINO, Defendant, Appellant.

No. 76–1013.

United States Court of Appeals,
First Circuit.

Oct. 21, 1977.

James N. Gabriel, U. S. Atty., Boston, Mass., Shirley Baccus-Lobel, Mervyn Hamburg, and Frederick Eisenbud, Attys., U. S. Dept. of Justice, Washington, D. C., on petition for rehearing and brief in support thereof, for appellee.

Henry D. Katz, Boston, Mass., on brief, for appellant.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, CAFFREY, District Judge.*

ON PETITION FOR REHEARING

PER CURIAM.

In this appeal involving the gambling conviction of Serino, we held that "the district judge . . . erred in denying Serino's request for the production of the wiretap transcripts of his conversations". We remanded for this to be done and for a fresh determination of whether, in light of the new information, there was taint so as to vitiate an independent basis for the finding of probable cause. *United States v. Plotkin*, 550 F.2d 693, 698 (1st Cir. 1977).

The Government moved for rehearing, pointing out, correctly, that we had erred in saying that the prior, illegal tap had revealed a call to "one of the numbers for which the wiretap was to be sought in this case". This was not so; the number was different. The illegal tap appears to have revealed only that Serino was engaged in other bookmaking activity at an earlier date; and this information was seemingly a rather minor part of the aggregate evidence on which the later wiretap order here in dispute was issued.

The Government went on to argue that we should not have patterned the relief granted upon *Alderman*. Forcing it to disclose the earlier tapes was said to be unwarranted when the wiretap order was so fully supported by independent, untainted evidence, and the illegality of the earlier interception was due not to the Government's

* Of the District of Massachusetts, sitting by designation.

deliberate disregard of the fourth amendment, as in *Alderman*, but rather due to a high-level mix-up in authorization stemming from Attorney General Mitchell's failure to have properly delegated his powers in the Department of Justice, see *United States v. St. Laurent*, 521 F.2d 506 (1st Cir. 1975).

It may be that in every case involving a statutory, not a constitutional violation, *Alderman* does not go so far as to compel disclosure of all illegally intercepted conversations involving an aggrieved individual so long as the possibility of taint can be otherwise negatived. The wiretapping law, 18 U.S.C. § 2518(10)(a), grants discretion to district judges to determine what portions of an unlawfully intercepted communication it is "in the interests of justice" to make available to an aggrieved person. The district court's determination, made after hearing in this case, not to order disclosure may be supportable as coming within such discretion.

This is a close and difficult question on the facts here. Rather than decide it, we prefer to leave our present remand order undisturbed since the Government has now informed us that it has found the conversations in which Serino was intercepted and is prepared to deliver the tapes to Serino for his scrutiny. The situation is markedly different from what it was when the petition for rehearing was filed: at that time the Government strongly resisted disclosure, representing that it would be exceptionally burdensome for it to locate the Serino interceptions made in the course of the unlawful St. Laurent tap.

To decide whether *Alderman* compels disclosure in these circumstances would involve making another close decision about an illegal tap with unique, we hope non-recurring, characteristics. Where the tapes are now on hand, it seems wise, and in the interest of the appearance of justice, that they be made available so that the question of taint can be laid to rest.

Our opinion and judgment shall therefore stand, except we strike the following two sentences from p. 695 of our opinion: "In

that conversation, a person at the tapped phone telephoned one of the numbers for which the wiretap was to be sought in this case. There followed an extended conversation which unmistakably showed that both telephones were being used in furtherance of illegal bookmaking." In addition, our opinion is modified in light of our remarks herein indicating doubts as to whether *Alderman* necessarily dictates disclosure of all illegal interceptions where the illegality was statutory not constitutional.

In response to the Government's question whether a hearing will be necessarily required after the tape is turned over to Serino, we empower the district court, which may consist of the same judge as heard the matter originally, to make the determinations we have required with or without hearing, and under such procedures, as it deems just.

*The petition is otherwise denied.*